**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Teresa Lynnette Rodriguez, | No. CV-23-08567-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

This is a Social Security appeal. On October 13, 2023, the Court referred the matter to Magistrate Judge Metcalf for the preparation of a report and recommendation ("R&R") as to the final disposition. (Doc. 9.) On August 27, 2024, Judge Metcalf issued an R&R concluding that the ALJ's decision should be affirmed. (Doc. 22.) Plaintiff has, in turn, filed objections to the R&R (Doc. 23), to which the Commissioner did not respond.

For the following reasons, the Court adopts the R&R.

## DISCUSSION

I.  Legal Standard

Under 28 U.S.C. § 636(b)(1)(B), a district judge may "designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a dispositive matter. *Id.* As noted, the Court made such a referral here.

"Within fourteen days after being served with a copy [of the R&R], any party may serve and file written objections . . . as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(2)-(3).

"In providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations. . . . [D]istrict courts conduct proper de novo review where they state they have done so, even if the order fails to specifically address a party's objections." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) (citations and internal quotation marks omitted). *See also id.* at 434 ("[T]he district court ha[s] no obligation to provide individualized analysis of each objection.").

Additionally, district courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006).

II. Analysis

Plaintiff raises two assignments of error in her opening brief: (1) the ALJ improperly discredited the opinions of her treating dermatologist, Dr. Bellew; and (2) the ALJ improperly discredited her symptom testimony. (Doc. 16 at 1.) The R&R concludes that Plaintiff is not entitled to reversal based on either argument. (Doc. 22 at 17, 35.)

The Court has now reviewed the extremely thorough R&R, reviewed Plaintiff's

objections, and performed a *de novo* review of the objected-to portions of the R&R. Based on that review, the Court now adopts the R&R's conclusions.

Although further discussion is unnecessary under *Ramos*, the Court wishes to address Plaintiff's assertion that "[t]he ALJ, and the R&R, are mistaken that Dr. Bellew only observed [Plaintiff's] skin lesions during a single examination—positive signs of skin symptoms were observed during multiple dermatology examinations in the relevant period." (Doc. 23 at 3.) As an initial matter, the records that Plaintiff cites in support of this assertion are the documents appearing at AR 1073, 1635, 1638, 1640, 1641, 1642, 1643, 1645, 1647, and 1653. (*Id.* at 3-4.) Although the first of those documents (AR at 1073) is an examination note from Dr. Bellew, the remaining documents appear to be notes from examinations performed by other providers.[1] Thus, the cited records do not contradict the ALJ's statement that "*Dr. Bellew's records* show only one occasion when the claimant was noted to have lesions covering 60% of her body." (AR at 1141, emphasis added.)

Additionally, the ALJ chose to give little weight to Dr. Bellew's opinions in part because Dr. Bellew's records "show[ed] only one occasion [on August 17, 2015] when the claimant was noted to have lesions covering 60% of her body, and this was associated with starting a new medication. . . . Given that the number of lesions described by Dr. Bellew in his opinion appear to be an anomaly related to a medication reaction, the undersigned does not find this opinion regarding an inability to work or need for absences entitled to more than limited weight." (*Id.* at 1141.) Although the cited records within Exhibit 27F may show that Plaintiff was observed as having lesions during certain examinations performed by other medical providers, they do not state that she had lesions *covering 60% of her body* during those examinations. (*Id.* at 1635, 1638, 1640, 1641, 1642, 1643, 1645, 1647, 1653.) Thus, they do not contradict the ALJ's overarching point.[2]

---

[1] According to the index to the AR, Dr. Bellew's progress notes appear in Part 23F (which encompasses AR 1070-85), whereas Part 27F (which encompasses AR 1625-62) contains office treatment records from "Mohave Skin Cancer." (AR at 1155-56.) Although Dr. Bellew worked at the Mohave Skin and Cancer Clinic (AR at 1073), there is no indication that he was the author of the treatment records appearing in Part 27F.

[2] Moreover, in other records within Part 23F, Dr. Bellew observed that Plaintiff was experiencing "great improvement" and was "much improved from last visit." (AR at

1  Accordingly,

2  **IT IS ORDERED** that:

3  (1)   Plaintiff's objections to the R&R (Doc. 23) are **overruled**.

4  (2)   The R&R (Doc. 22) is **adopted**.

5  (3)   The decision of the ALJ is **affirmed**.

6  (4)   The Clerk shall enter judgment accordingly and terminate this action.

7  Dated this 25th day of September, 2024.

Dominic W. Lanza
United States District Judge

---

1079.)  These records are thus consistent with the ALJ's determination that Dr. Bellew's August 17, 2015 treatment note, which noted "papules and plaques . . . encompassing more than 60% of the body surface" (*id.* at 1073), reflected "an anomaly related to a medication reaction." (*Id.* at 1141.)

- 4 -